FILED'08 APR 11 13:52USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

TIMOTHY A. MUDGETT,

       Plaintiff,

         v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

       Defendant.

Civil No. 07-485-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge.

Plaintiff Timothy A. Mudgett brings this action pursuant to section 205(g) of the

Social Security Act, as amended (Act), 42 U.S.C. § 405(g) and 1383(c)(3), to obtain

judicial review of the Commissioner's final decision denying plaintiff's application for

disability insurance benefits and supplemental security income benefits.  For the

reasons set forth below, the decision of the Commissioner should be reversed and the

matter remanded for an award of benefits.

## **BACKGROUND**

Plaintiff applied for disability insurance benefits and supplemental security income

benefits alleging disability commencing January 1, 2000.  His applications  were denied.

Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on June 6, 2006. Plaintiff, represented by counsel, appeared and testified, as did a vocational expert. On October 27, 2006, the ALJ rendered an adverse decision, and the Appeals Council denied plaintiff's request for review.

At the time of the ALJ's decision, plaintiff was thirty-seven years old. Plaintiff finished the eleventh grade, has a GED, and he's taken about four or five classes at a community college. Plaintiff has relevant past work experience in a variety of jobs. Plaintiff alleges disability as of January 1, 2000, based upon brain trauma. The relevant medical evidence is discussed below.

## STANDARDS

This Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court considers the record as a whole, and weighs "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolution of conflicts in the testimony are functions

solely of the Commissioner, Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence, Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

3 - REPORT AND RECOMMENDATION

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).   In the present case, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period under review.  (Tr. 20.)

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  If the Commissioner finds in the negative, the claimant is deemed not disabled.  If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  In the instant case, the ALJ found that plaintiff has a cognitive disorder, an adjustment disorder, and a substance addiction disorder in remission, which are severe impairments.  (Tr. 20.)  Accordingly, the inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." <u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.  In this case, the ALJ found that plaintiff's impairments, either singly or in combination, were not severe enough to meet or medically equal any of the listed impairments.  (Tr. 23.)

In step four, the Commissioner determines whether the claimant can still perform his "past relevant work." If the claimant is so able, then the Commissioner finds the claimant "not disabled." Otherwise, the inquiry advances to step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). The Commissioner must first identify the claimant's residual functional capacity (RFC), which should reflect the individual's maximum remaining ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Ruling (SSR) 96-8p. The RFC is based on all relevant evidence in the case record, including the treating physician's medical opinions about what an individual can still do despite impairments. Id. In this case, the ALJ found that plaintiff retains an RFC to perform work "involving no exertional limitations; he can do short simple, repetitive tasks which do not involve public contact or working in close proximity with co-workers." (Tr. 25.) The ALJ found that plaintiff could not perform his past relevant work. (Tr. 25.) Accordingly, the inquiry moved to step five.

In step five, the burden is on the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). If the Commissioner fails to meet this burden, then the claimant is deemed disabled. Here, the ALJ found that plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the national economy. (Tr. 26.) Therefore, the ALJ found that plaintiff was not under a disability. (Tr. 18, 27.)

//

5 - REPORT AND RECOMMENDATION

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed because the ALJ erred by disregarding the opinions of two DDS physicians and giving no reason for rejecting these opinions.

The record includes a Psychiatric Review Technique Form (PRTF) completed on July 14, 2003, by an agency consultant, Paul Rethinger, Ph.D. (Tr. 278-89.) As to the "B" criteria of the "Functional Limitation" of "Difficulties in Maintaining Concentration, Persistence, or Pace," Dr. Rethinger found there was insufficient evidence. (Tr. 286.)

Dr. Rethinger also completed a PRTF on June 3, 2004. (Tr. 308-20.) At that time, he found that the "Degree of Limitation" of the "Functional Limitation" of "Difficulties in Maintaining Concentration, Persistence, or Pace" was "Moderate." (Tr. 318.)

On July 20, 2004, agency consultant, Robert Henry, Ph.D., completed a PRTF, (Tr. 333-45), in which he found that the "Degree of Limitation" of the "Functional Limitation" of "Difficulties in Maintaining Concentration, Persistence, or Pace" was "Moderate." (Tr. 343.) Dr. Henry also found that plaintiff's degree of limitation in "Restriction of Activities of Daily Living" was "Mild"; his limitation in "Difficulties in Maintaining Social Functioning" was "Moderate"; and his limitation in "Episodes of Decompensation, Each of Extended Duration" was "None." (Tr. 343.)

In the ALJ's decision, she refers to Dr. Rethinger's June 2004 PRTF and the Mental Residual Functional Capacity Assessment completed by him at the same time, (see Tr. 321-24), but she does not discuss his specific findings on the forms. (Tr. 22, referring to Exs.

6F and 7F.)  The ALJ also refers to Dr. Henry's July 2004 PRTF and states:  "The undersigned concurs with the PRTF assessment, and agrees with it in part after considering all subsequently added medical evidence of record (Ex. 10F [Tr. 333-45])." (Tr. 22.) The ALJ found that plaintiff has severe mental health impairments consistent for listed impairments of organic mental disorders, personality disorder, and substance addiction disorders.  She went on to state:

> Under the "B" criteria of the DSM-IV listings as incorporated into the PRTF, the undersigned finds the medical evidence of record establishes the nature and severity of the claimant's functional limitations, from his various disorders, as follows:  1.  Restrictions in Activities of Daily Living are "Mild."  2.   Difficulties in Maintaining Social Functioning are "Moderate."   3.  Difficulties in Maintaining Concentration, Persistence, or Pace are "Mild," and for item number "4," the evidence of record was assessed as reflecting the claimant has suffered "None" of the Episodes of Decompensation, sometimes resulting from severe mental health impairments. . . .

(Tr. 23.)  In determining plaintiff's RFC, the ALJ found that Dr. Henry's Mental Residual Functional Capacity assessment of July 26, 2004, was accurate and incorporated his assessment.  (Tr. 24.)

While the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician, Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), the Ninth Circuit has determined that, "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)); see SSR 96-6p (ALJs "may not ignore [opinions of State agency medical and psychological consultants and

other program physicians and psychologists] and must explain the weight given to these opinions in their decisions"); <u>Davis v. Massanari</u>, No. Civ. 00-6211-FR, 2001 WL 34043759, at *5 (D. Or. Aug. 15, 2001), <u>aff'd</u>, 71 Fed. Appx. 664 (9th Cir. 2003). Here, the ALJ did not explain why she rejected the opinion of Dr. Rethinger. On this record, it is unclear whether the ALJ misstated her PRTF finding as to difficulties in maintaining concentration, persistence, or pace as "Mild," or whether she rejected Dr. Henry's opinion, at least in part, that plaintiff has "Moderate" difficulties in maintaining concentration, persistence, or pace. Although the ALJ states that she concurred with Dr. Henry's PRTF assessment "in part after considering all subsequently added medical evidence," she does not explain what evidence she relied on. The only subsequent medical evidence in the record are the records from Cascadia Behavioral Healthcare, (Tr. 346-66), covering the period October 2004 through February 2005. The ALJ discussed these records in her decision, noting that plaintiff was assessed with a GAF score of 60,[1] which the ALJ stated was indicative of "moderately severe difficulties in social, work or classroom settings." (Tr. 21, citing Ex. 11F (Tr. 346-48)). This subsequent evidence, as discussed by the ALJ, is consistent with the opinions of Dr. Henry and Dr. Rethinger.

The ALJ erred in disregarding the opinion of Dr. Rethinger, and the opinion of Dr. Henry to the extent that she apparently rejected his opinion relating to plaintiff's degree of limitation in the area of concentration, persistence, or pace, without explanation. <u>See</u>

---

[1]    A GAF of 51 to 60 means:  **"Moderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational, or school functioning** (e.g., few friends, conflicts with peers or co-workers)."** American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (4th Ed. 1994) at 32.

Tomson v. Halter, No. CV 00-3028-BR, 2001 WL 213758, at *11 (D. Or. Feb. 7, 2001) (Commissioner conceded that ALJ's failure to include mental limitations assessed by state agency non-examining physician who concluded that claimant was moderately limited in certain mental activities in assessment of RFC required reversal; case remanded so that ALJ could explain the weight given to opinions as required under SSR 96-6p).

At the hearing, the ALJ posed the following hypothetical to the vocational expert (VE), which she subsequently determined in her decision reflected plaintiff's RFC: "I'd like you to assume a person of the claimant's age, education and past relevant work experience and assume that this person has no exertional limitations and is able to do short, simple, repetitive tasks not involving much contact with the public." (Tr. 439.) She then added the following:  "Now if the person could do jobs that do not involve working in close proximity to co-employees in addition to what I've already described." (Tr. 440.) Based on these hypotheticals, the VE identified certain jobs that plaintiff could do.

Defendant contends that PRTF language is "never" appropriate for inclusion in the hypothetical questions posed to a VE, (Def. Brief at 5), and argues that the ALJ's hypothetical here explained the practical ramifications of the State agency consulting physician's findings on the PRTF and, therefore, the ALJ's decision should be affirmed. Defendant relies on SSR 96-8p in arguing that the broad criteria on the PRTF are not proper for inclusion in the RFC finding or the hypothetical question.  Plaintiff agrees in his reply brief that the ALJ need not parrot the language of a PRTF as long as the hypothetical

9 - REPORT AND RECOMMENDATION

accurately describes all of the claimant's limitations, but contends that a limitation to "short, simple repetitive work" does not speak to the pace at which he can work.

A hypothetical which fails to include all of a claimant's limitations does not constitute substantial evidence to support a finding that the claimant can perform jobs in the national economy. Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989); Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988).

It is clear from decisions in the District of Oregon and the Ninth Circuit that PRTF findings relating to concentration, persistence, or pace must be included in the hypothetical posed to the VE in some manner, and that a hypothetical that includes a limitation to "simple" work does not address deficiencies in concentration, persistence, or pace. Abrego v. Commissioner, No. CIV. 99-6173-JO, 2000 WL 682671, at *2-*3 (D. Or. May 25, 2000) (ALJ's PRTF finding that plaintiff was often limited by deficiencies of concentration, persistence, or pace not included in hypothetical which included "simple repetitive" types of jobs (citing Newton v. Chater, 92 F.3d 688 (8th Cir. 1996)); Clemens v. Massanari, No. CV 00-6204-KI, 2001 WL 34043764, at *11 (D. Or. May 17, 2001) (ALJ's PRTF finding that claimant had deficiencies of concentration, persistence, or pace often resulting in failure to timely complete tasks not included in hypothetical limiting claimant to "simple, unskilled tasks" because it did not inform VE of deficiencies of concentration, persistence, or pace); cf. Davis v. Massanari, No. Civ. 00-6211-FR, 2001 WL 34043759, at *8-*9 (D. Or. Aug. 15, 2001), aff'd, 71 Fed. Appx. 664 (9th Cir. 2003) (hypothetical which included moderate limitations in nearly all mental activities requiring sustained concentration and persistence,

including maintaining attention and concentration for extended period; understanding, remembering, and carrying out detailed instructions; and sustaining an ordinary routine without special supervision, satisfied finding by ALJ in PRTF that claimant experienced deficiencies in concentration, persistence, or pace often resulting in failure to timely complete tasks (citing <u>Newton v. Chater</u>, 92 F.3d 688 (8th Cir. 1996)); <u>Williams v. Apfel</u>, No. CIV. 00-6150-KI, 2001 WL 204811, at *5 (D. Or. Jan. 26, 2001) (hypothetical that claimant limited to unskilled or semi-skilled work due to difficulties with concentration and attention satisfied the ALJ's finding on the PRTF (citing <u>Brachtel v. Apfel</u>, 132 F.3d 417 (8th Cir. 1997)), <u>aff'd</u>, 42 Fed. Appx. 935 (9th Cir. 2002); <u>Swenson v. Commissioner</u>, No. CIV. 99-6188-KI, 2000 WL 486753, at *4 (D. Or. Apr. 26, 2000) (hypothetical which included limitation that person could not concentrate on complex tasks supported by substantial evidence where ALJ completed PRTF finding claimant often had deficiencies of concentration, persistence, or pace); <u>see</u> <u>Tomson</u>, 2001 WL 213758, at *11 (Commissioner conceded that ALJ's failure to include mental limitations assessed by state agency non-examining physician who concluded that claimant was moderately limited in certain mental activities in hypothetical to VE, and ALJ's failure to include own PRTF finding that claimant experienced deficiencies of concentration, persistence, or pace often resulting in a failure to timely complete tasks in work settings or elsewhere, required reversal; matter remanded so that ALJ could consider claimant's functional limitations of concentration, persistence, and pace, and degree of such limitations).  In <u>Thomas v. Barnhart</u>, 278 F.3d 947, 956 (9th Cir. 2002), the Ninth Circuit found that the hypothetical

posed to the VE there adequately incorporated claimant's limitation of concentration, persistence, and pace, where the ALJ instructed the VE to credit the opinion of a doctor who testified at the hearing just before the VE that claimant had "'deficiency to concentration, persistence and pace often [sic].'" Id. The court distinguished the Eighth Circuit opinions of Brachtel v. Apfel, 132 F.3d 417 (8th Cir. 1997) and Newton v. Chater, 92 F.3d 688 (8th Cir. 1996), cited supra, as follows:

> Compare Brachtel v. Apfel, 132 F.3d 417, 420-21 (8th Cir. 1997) (holding that ALJ's finding on PRTF that the claimant would often manifest deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner was adequately presented in hypothetical when ALJ included limitations of concentration and pace), with Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996) (holding that ALJ's finding on PRTF that the claimant would often manifest deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner was not adequately presented when ALJ's hypothetical limited the claimant to simple jobs).

Thomas, 278 F.3d at 956. The court noted specifically that Newton was distinguishable from claimant's case there because the hypothetical relied upon by the ALJ in Newton did not incorporate any specific testimony or refer to any other evidence indicating that the claimant suffered deficiencies in concentration, persistence, or pace. Id.; see Ramirez v. Barnhart, 372 F.3d 546, 552-55 (3d Cir. 2004) (hypothetical did not take into account ALJ's findings that claimant often suffered from deficiencies in concentration, persistence, or pace and did not adequately convey all of claimant's limitations) (and cases cited); Kasarsky v. Barnhart, 335 F.3d 539, 544 (7th Cir. 2003) (hypothetical did not include limitations noted on PRTF and opinion that claimant suffered from frequent deficiencies of concentration, persistence, or pace). Accordingly, the hypothetical posed by the ALJ to the

12 - REPORT AND RECOMMENDATION

VE here does not include all of plaintiff's limitations and is not supported by substantial evidence. The ALJ may not rely upon unsupported vocational testimony. Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

**Conclusion**

Because the ALJ did not properly apply the correct legal standards and because the decision is not based on substantial evidence, the Commissioner's decision must be reversed.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Schneider v. Commissioner, 223 F.3d 968, 976 (9th Cir. 2000).

Here, at the hearing, after the VE testified about jobs that plaintiff could perform under the hypotheticals posed by the ALJ, plaintiff's attorney asked the VE the following question:

> If this person had–going back to the Judge's original hypothetical, if this person had a moderate limitation in concentration, persistence and pace, so that their, their abilities in that realm were, say, diminished by 20 percent continually, would that person be able to do any of the jobs that you identified?

(Tr. 442.)  The VE responded:  "I think the best way I can answer this question is to translate this into productivity.  If this hypothetical individual is consistently 20 percent less productive than what the expectation is they're going to have difficulty sustaining competitive employment."  (Tr. 443.)  Stating a "moderate" limitation as a twenty percent limitation in abilities is not irrational and is not disputed by defendant.

The Ninth Circuit has found that, where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating or an examining physician, the physician's opinion is credited as a matter of law.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).  The Ninth Circuit has also given effect to lay testimony which was improperly rejected by the ALJ, resulting in a remand for payment of benefits.  Schneider, 223 F.3d at 976.

Here, considering the VE's testimony that a person who has moderate limitation in concentration, persistence, and pace would not be able to sustain competitive employment, the record is fully developed and remand for further proceedings would serve no useful purpose.  Accordingly, this matter should be reversed and remanded for payment of benefits.

## RECOMMENDATION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be reversed and the matter remanded for calculation and award of benefits, and that judgment be entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  *Objections to this Report and Recommendation, if any, are due by April 28, 2008.  If objections are filed, any responses to the objections are due 14 days after the objections are filed.*  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _11_ day of April, 2008.

MARK D. CLARKE
United States Magistrate Judge

15 - REPORT AND RECOMMENDATION