FILED'08 MAY 01 09:18USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TIMOTHY A. MUDGETT, | ) | Civil No. 07-485-CL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, Judge.**

On April 11, 2008, Magistrate Judge Clarke filed his Report and Recommendation, which recommends reversing the decision of the Commissioner and remanding the matter for the calculation and award of benefits. No party has objected to that Recommendation. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

The Claimant, Timothy Mudgett, has a limited education and significant psychological issues. Even accepting the views of the Social Security doctors, the Claimant is markedly impaired in a number of areas important from an employer's perspective, and moderately impaired in several other areas.

He would have difficulty performing anything other than simple tasks, difficulty maintaining the pace of work expected by

1 - ORDER

most employers, difficulty adhering to rules and work schedules, and difficulty interacting with co-workers, supervisors, and customers. The record evidences numerous failed work attempts. There is evidence the Claimant has problems with anger management, makes impulsive and often ill-advised decisions, and is otherwise more than most employers are willing to take on.

Social security records show the Claimant had at least:

4 employers in 1990

3 employers in 1991

3 employers in 1992

3 employers in 1993

2 employers in 1994

4 employers in 1995

3 employers in 1996

11 employers in 1997

6 employers in 1998

6 employers in 1999

9 employers in 2000

3 employers in 2001

3 employers in 2002

0 employers in 2003

2 employers in 2004

1 employer in 2005

Many of these jobs lasted only days, while other jobs lasted but a few weeks or months. The foregoing includes only jobs in which wages were reported to the Social Security Administration. The actual number of employers is likely much higher.

2 - ORDER

It seems apparent that the Claimant is unable to keep a job for very long. While some of this may be attributed to poor choices and impulsive decisions, the sheer number of failed work efforts, over such a long period of time--coupled with the other evidence in the record--persuades me that the issues which have prevented the Claimant from holding a job are likely intractable, and may not be gainsaid as mere voluntary decisions and preferences. The letter from his former employer (Tr. 256-57), who had the opportunity to observe the Claimant in various jobs at various times in his life, is also very helpful in ascertaining why Mr. Mudgett has been unable to keep a job, and whether he is disabled for purposes of the Social Security laws.

The ALJ thought the Claimant could work as a scrap sorter. The Magistrate Judge concluded the Claimant is entitled to an award of disability benefits. I agree with the Magistrate Judge.

### Conclusion

Magistrate Judge Clarke's Report and Recommendation (docket # 23) are adopted. The decision of the Commissioner is reversed. The matter is remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this ___1___ day of May, 2008.

_____
Owen M. Panner
United States District Judge

3 - ORDER